# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JAVON MOORNING,**

    Petitioner,

v.                                     **CIVIL ACTION NO.: 3:14-CV-1**
                                               **(JUDGE GROH)**

**WARDEN PURDUE,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on January 8, 2015. ECF 28. In that filing, he recommends that the Petitioner's § 2241 petition, [ECF 1],[1] be denied and dismissed with prejudice. Magistrate Judge Trumble also recommends that the Respondent's motion to dismiss or, in the alternative, for summary judgment, [ECF 15], be granted; that the Petitioner's motion to stay proceedings, [ECF 25], and motion to withdraw the motion to stay, [ECF 26], be dismissed as moot; and that the Petitioner's motion for judgment on the pleadings or, in the alternative, for summary judgment, [ECF 27], be denied.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo*

---

[1] In his filings, the Petitioner names "Warden Purdue" or "Russell A. Purdue" as the adverse party. The correct spelling of the warden's last name is Perdue.

review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted at the Federal Correctional Institution, Gilmer, on January 13, 2015,[2] and the Petitioner timely filed his objections within seventeen plus three days after receipt of the R&R.

## I. Background

On April 16, 2010, the Petitioner was arrested in New Haven, Connecticut, on state narcotics charges. Pending resolution of those charges, he was held in state custody. On December 8, 2010, federal authorities borrowed the Petitioner pursuant to a federal writ of *habeas corpus ad prosequendum* on charges stemming from the Petitioner's distribution of cocaine base to an undercover law enforcement officer on April 6, 2010. On July 15, 2011, the United States District Court for the District of Connecticut sentenced the

---

[2] On January 26, 2015, the Petitioner filed a motion for an enlargement of time to file his objections to the R&R. On January 28, 2015, the Court denied the Petitioner's motion. On January 30, 2015, before the Petitioner received notice of the Court's order denying his motion for enlargement of time, the Petitioner timely submitted his objections to the R&R. On February 9, 2015, the Petitioner filed an objection, [ECF 35], to the Court's order denying his motion for enlargement of time. As the Petitioner's objections to the R&R were timely filed, and would have been timely filed with or without an enlargement of time, the Petitioner's objection, [ECF 35], is moot and is overruled.

2

Petitioner to be imprisoned for a total of 100 months. The Petitioner was then returned to state custody. On August 1, 2011, a Connecticut state court sentenced the Petitioner to a two-year term of imprisonment, with credit for time served for 385 days. The Connecticut court ordered that the sentence was to run concurrent to the Petitioner's federal sentence. On October 6, 2011, the Petitioner's special parole on a previously imposed five-year term was revoked. That special parole term related to a 2003 state narcotics prosecution. In May of 2012, the Petitioner satisfied his two-year state sentence relating to the April 2010 arrest, but he remained in state custody pursuant to the special parole violation. On March 1, 2013, the Petitioner was granted parole and was released to the custody of the federal Bureau of Prisons ("BOP"), pursuant to his federal detainer.

In 2013, the Petitioner requested that the BOP apply a *nunc pro tunc* designation to his case, pursuant to the BOP's authority to designate a state facility as the place of a federal prisoner's imprisonment. See 18 U.S.C. § 3621(b). This retroactive designation would have effectively caused the Petitioner's federal sentence to run concurrent to his completed state sentence, thereby adding to the Petitioner's credit for time served and reducing the time left on his federal sentence. After considering the factors set forth in § 3621(b), the BOP determined that a *nunc pro tunc* designation was inappropriate.

Prior to making its determination, the BOP sent a letter to the Petitioner's federal sentencing judge in the District of Connecticut, requesting the judge's position on the Petitioner's retroactive designation request. In the letter, the BOP noted that "the Judgment . . . was silent regarding any relationship" between the federal and state sentences. "It is the Bureau's preference that the federal sentencing court be given an opportunity to state its position with respect to a retroactive designation," the letter provided, "which can be

3

helpful in our determination to grant or deny the request. If, after 60 days, a response has not been received from the Court, the Bureau will complete its review and make a decision regarding this case."³ The BOP did not receive a response to this letter, and it subsequently denied the Petitioner's request. Approximately one year later, on December 5, 2014, the Petitioner's sentencing judge issued an order and sent a corresponding letter to the BOP, in which the court stated that its intent "was and is" that the Petitioner's federal sentence run concurrent to his related state sentence.

On January 3, 2014, the Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241. In his petition, he argues that he should receive credit for time served for twenty-seven months toward his federal sentence, because the federal sentence imposed by the District of Connecticut should be calculated as running concurrent with his related state narcotics trafficking offenses. The Respondent filed a motion to dismiss or, in the alternative, for summary judgment, on March 11, 2014. On March 12, 2014, Magistrate Judge Trumble issued notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (per curiam), advising the *pro se* Petitioner of his right to file a response. After Magistrate Judge Trumble issued an order extending the deadline to respond, the Petitioner filed his response on May 27, 2014. On August 15, 2014, the Petitioner moved to stay this matter. The Petitioner moved to withdraw his motion to stay on December 19, 2014. On January 5, 2014, the Petitioner moved for judgment on the pleadings or, in the

---

³ According to the BOP's letter, had the *nunc pro tunc* designation been granted, the corresponding retroactive concurrency of the Petitioner's sentences would have allowed for his release on or about July 20, 2017. The Petitioner's projected release date, absent the *nunc pro tunc* designation, was March 8, 2020. The Petitioner's release date would be different as of the date of this Order, as on December 10, 2014 the United States District Court for the District of Connecticut entered an order reducing the Petitioner's federal sentence of imprisonment from 100 months to 84 months, pursuant to 18 U.S.C. § 3582(c)(2).

alternative, for summary judgment. On January 8, 2014, Magistrate Judge Trumble issued his R&R. The Petitioner timely filed his objections. At this stage, the Petitioner's primary argument is that the District of Connecticut's order and the corresponding letter his sentencing judge sent to the BOP impose a ministerial duty on this Court to order the BOP to immediately apply a *nunc pro tunc* designation in his case. As the Petitioner has exhausted all available administrative remedies, this matter is now ripe for the Court's review.

## II. Standard of Review

A responsive pleading captioned as a motion to dismiss or, in the alternative, as a motion for summary judgment puts all parties on notice that a court could construe the motion either way. Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 260 (4th Cir. 1998). Federal Rule of Civil Procedure 12 states that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, the Court may consider documents attached to the complaint, as well as those attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). But a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

A complaint that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (citation and internal quotation marks omitted). Likewise, a complaint that tenders only "naked assertion[s] devoid of further factual enhancement," does not suffice. Id. (alteration in original) (citation and internal quotation marks omitted). A plaintiff is required to articulate facts that, when accepted as true, "show" he is plausibly entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when there is no genuine issue as to any material fact and the moving party is entitled to judgment in its favor as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict

for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 323-35; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

### III. Discussion

#### A. General Objection

In addition to his specific objection, discussed below, the Petitioner subjoins a general objection "to the entire rest" of the R&R. This general objection appears directed at Magistrate Judge Trumble's analysis of the applicable law concerning the calculation of a prisoner's sentence. Given the general and conclusory nature of the Petitioner's catchall objection, the Court is not obligated to conduct *de novo* review. "When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary."

Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). Nevertheless, the Court finds that Magistrate Judge Trumble did not err in his analysis of the applicable law. Following a federal conviction and sentencing, the United States Attorney General, acting through the BOP, is responsible for calculating an inmate's term of confinement, including a determination of when the sentence commences. United States v. Wilson, 503 U.S. 329, 334 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

"Congress [has] made clear that a defendant [may] not receive a double credit for his detention time." Wilson, 503 U.S. at 336-37. In the instant case, the Petitioner was in the custody of the State of Connecticut until he completed serving his state sentence and was transferred to BOP custody pursuant to the federal detainer. While the Petitioner was serving his state sentence, that period of incarceration was applied to his State of Connecticut term of incarceration. Because of the general rule that a defendant may not receive double credit for his detention time, the Petitioner is not automatically entitled to any additional credit as to his federal sentence.

Under § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to

8

be served." A defendant is not officially received into federal custody if the sentence imposed by the sovereign that first arrested the defendant, known as the sovereign of "primary jurisdiction," has not been satisfied. Lee v. Wilson, Civil Action No. 1:11-CV-981, 2012 WL 3069407, at *4 (E.D. Va. July 26, 2012) ("As a general rule, when an inmate is facing sentences imposed by both federal and state authorities, the sovereign that first arrested the inmate retains primary custody over him until that sovereign's imposed sentence is satisfied."), aff'd, 518 F. App'x 147 (4th Cir. 2013) (unpublished per curiam). "Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of the charges, bail release, parole release, or satisfaction of the sentence." Holbrook v. Warden, Civil Action No. 7:11-CV-00464, 2011 WL 6090131, at *4 (W.D. Va. Dec. 7, 2011). When an inmate is borrowed pursuant to a writ of *habeas corpus ad prosequendum*, the original sovereign has "merely loan[ed] the prisoner to federal authorities" and does not forfeit its primary jurisdiction. United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998). "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Id.

Here, the State of Connecticut did not lose its primary jurisdiction over the Petitioner when it loaned him to federal authorities pursuant to the writ of *habeas corpus ad prosequendum*. Connecticut maintained primary jurisdiction over the Petitioner until May 1, 2013, when he was released from his state sentence and transferred to the custody of the federal BOP. The Petitioner has been given credit for eighty-seven days that were not previously awarded by state authorities. All other time during which he has been detained has been applied to either his state or federal sentence.

**B. Specific Objection**

The Petitioner specifically objects to Magistrate Judge Trumble's analysis of the BOP's denial of his request for *nunc pro tunc* designation. In light of the District of Connecticut's December 2014 order and corresponding letter to the BOP, the Petitioner argues that Magistrate Judge Trumble and this Court each have a "ministerial duty and obligation" to order the BOP to immediately apply a *nunc pro tunc* designation.

Under § 3621(b), the BOP "shall designate the place of the prisoner's imprisonment." The BOP may designate any available facility that meets minimum health and habitability standards, "whether maintained by the Federal Government or otherwise." Id. "The phrase 'or otherwise' refers to the BOP's authority to designate federal prisoners to state prisons." Jefferson v. Berkebile, 688 F. Supp. 2d 474, 486 (S.D.W. Va. 2010) (citing Evans, 159 F.3d at 911-12). The BOP should consider the following factors, as appropriate, when determining the proper place of imprisonment under § 3621(b):

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence–

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Under this statute, the BOP has the power to order a *nunc pro tunc* designation of a state

facility as the place of imprisonment for a federal prisoner, essentially allowing for a retroactive concurrency through which the federal prisoner can receive credit against his federal sentence for time already served in the state facility. Jefferson, 688 F. Supp. 2d at 487 (citing Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 245-46 (3d Cir. 2005)).

The BOP's policy on designating a non-federal institution for the service of a federal sentence is articulated in BOP Program Statement 5160.05. "Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent." See BOP Program Statement 5160.05. The sentencing court's intent can be established at the time the sentence is imposed, by way of an order or recommendation, as recorded in a document such as a judgment and order of commitment. Failing that, an inmate can request a *nunc pro tunc* designation, as the Petitioner has done in the instant case. When determining whether to apply a *nunc pro tunc* retroactive designation to a prisoner's sentence, the BOP should consider the appropriate factors under § 3621(b). Trowell v. Beeler, 135 F. App'x 590, 596 (4th Cir. 2005) (unpublished per curiam).

During this process, it is BOP policy to send a letter to the prisoner's sentencing court, with copies to the U.S. Attorney's Office and U.S. Probation Office, in which the BOP inquires as to the sentencing court's position on applying a retroactive designation. See BOP Program Statement 5160.05. If, after sixty days, the BOP does not receive a response, it is a proper exercise of the BOP's discretion to deny the designation upon consideration of the other appropriate § 3621(b) criteria. See, e.g., Simpson v. Dunbar, Civil Action No. 5:12-HC-2096-FL, 2013 WL 1146780, at *4-*5 (E.D.N.C. Mar. 19, 2013) (finding that evidence presented, including the fact that the BOP sent a letter to the petitioner's sentencing judge regarding *nunc pro tunc* designation and received no

response, indicated that the BOP's denial was appropriate), aff'd, 537 F. App'x 221 (4th Cir. 2013) (unpublished per curiam); Richardson v. Nelson, Civil Action No. 1:09-CV-426, 2012 WL 1679365, at *5 (S.D.W. Va. Apr. 11, 2012) (stating that the BOP appropriately considered a *nunc pro tunc* request, where the sentencing judge failed to respond to the BOP's letter and the BOP considered the § 3621(b) criteria), adopted by 2012 WL 1677241, at *1 (S.D.W. Va. May 14, 2012).

If the BOP denies a prisoner's request for *nunc pro tunc* designation, the prisoner may raise his claim through the BOP's administrative remedy program. See Setser v. United States, 132 S. Ct. 1463, 1473 (2012). If the prisoner still does not obtain the requested relief, he may seek a writ of habeas corpus under § 2241. See id. The BOP's *nunc pro tunc* determination is reviewed for abuse of discretion, and its findings are afforded substantial deference and entitled to a presumption of regularity. See Trowell, 135 F. App'x at 593 (citing Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1991)); Jefferson, 688 F. Supp. 2d at 496; see also, e.g., Fegans v. United States, 506 F.3d 1101, 1105 (8th Cir. 2007).

Here, the BOP considered whether to apply a *nunc pro tunc* designation to the Petitioner's sentence and, upon review of the § 3621(b) factors, determined that such a designation was inappropriate. In a "Factors Under 18 USC 3621(b) Worksheet," the BOP expressly noted its considerations under each relevant factor, including the BOP's request to the sentencing court and the lack of a reply. The criminal judgment of the United States District Court for the District of Connecticut, which imposed the Petitioner's federal sentence on July 15, 2011, does not include an order or recommendation that the

Petitioner's federal sentence run concurrent to any state sentence.[4]  The judgment and order of commitment issued by the sentencing court made certain recommendations to the BOP, but none related to his state sentences.  The sentencing court amended its judgment and order of commitment on August 10, 2011, but only to correct the spelling of the Petitioner's last name.  Under these circumstances, the BOP appropriately exercised its discretion in reviewing the relevant § 3621(b) factors and determining that a *nunc pro tunc* designation was inappropriate.

The order issued by the Petitioner's federal sentencing judge on December 5, 2014 does not require this Court to force the BOP to grant the Petitioner's request.  That order indicated that the sentencing court had, by letter, advised the BOP that "it was and is the Court's intent that [the Petitioner's] federal sentence in this action run concurrent with his state sentence on related charges and that he receive credit for time served in state custody on the state drug trafficking conviction."

As Magistrate Judge Trumble observed in his R&R, the Petitioner has misunderstood the role that the sentencing judge's order has to play at this stage in the proceedings.  By way of the order and corresponding letter sent to the BOP, the Petitioner's sentencing judge has alerted the BOP of her intent in imposing the Petitioner's sentence, and thus of her recommendation on granting the Petitioner's request for *nunc pro tunc* designation.  The BOP is now apprised of this information, and the Court presumes the

---

[4] The Petitioner argues that a Connecticut Superior Court judge ordered the Petitioner's sentence be served concurrent to his federal sentence.  This Court's analysis is not altered by this fact, because a state court's intent is not binding on federal authorities.  Lee, 2012 WL 3069407, at *9 (citing McCarthy v. Doe, 146 F.3d 118, 121-22 (2d Cir. 1998)).

BOP will consider the sentencing judge's position.[5]

In an unpublished 2005 decision, the Fourth Circuit Court of Appeals held that when reviewing a prisoner's request for *nunc pro tunc* designation, the BOP "may not simply defer to the expressed views of the federal sentencing court," but rather, the BOP "must exercise its own independent judgment, taking into account all applicable factors in § 3621(b), including the views of the sentencing court." Trowell, 135 F. App'x at 596. More recently, in Setser, the Supreme Court held that a district court possesses the authority to order that its sentence will run concurrently with or consecutive to any anticipated state sentence, while the BOP "ultimately has to determine how long the District Court's sentence authorizes it to continue [a prisoner's] confinement." 132 S. Ct. at 1473.

Post-Setser, district courts in the Fourth Circuit have continued to apply the principle articulated in Trowell–that the BOP is "under no statutory obligation to yield to the sentencing judge's recommendation" as to a *nunc pro tunc* designation. Loveless v. Ziegler, Civil Action No. 5:11-CV-00991, 2012 WL 3614315, at *6 (S.D.W. Va. Aug. 21, 2012) (citing Trowell, 135 F. App'x at 596); see also Brown v. Zych, Civil Action No. 7:11-CV-00605, 2012 WL 5386339, at *7 (W.D. Va. Nov. 1, 2012) ("In short, [the petitioner] has not presented any evidence to show that the BOP failed to follow its statutory directive or that it otherwise acted improperly simply because the sentencing court did not oppose

---

[5] For example, in Ysabel v. Sabol, 645 F. Supp. 2d 37, 38-39 (D. Mass. 2009), the BOP had "submitted a letter to the federal sentencing court soliciting its guidance (within 60 days pursuant to the requirements of the BOP Program Statement) on the requested designation." When the BOP did not receive a response from the sentencing court, it determined that a *nunc pro tunc* designation was unwarranted. Id. "About six months later, [the BOP] received a letter from the sentencing court in favor of the designation 'out of deference to the apparent wishes of the state court' (without further explanation)." Id. at 39. Thereafter, "the BOP reconsidered but ultimately affirmed its original determination to deny a retroactive concurrent designation." Id.

the credit and indeed, thought the sentencing court might have intended it, despite not indicating as such in the judgment."). Indeed, it would be an abuse of discretion for the BOP to totally rely on the sentencing judge's recommendation, while neglecting other relevant § 3621(b) factors. Loveless, 2012 WL 3614315, at *6. Accordingly, where a sentencing judge recommends, in response to a BOP inquiry, that a request for *nunc pro tunc* designation be granted, the BOP is "required only to consider the Court's recommendation as one of five factors" in deciding whether to grant or deny the retroactive modification.[6] Id. Therefore, even in light of the District of Connecticut's order and corresponding letter to the BOP, it would be inappropriate for this Court to force the BOP to immediately grant the Petitioner's request for *nunc pro tunc* designation without review.

In December of 2013, when the BOP reviewed the Petitioner's initial request for *nunc pro tunc* designation, the BOP had not received any response to its request for the sentencing judge's position on a retroactive designation. Pursuant to established BOP policy, the BOP reviewed the Petitioner's application, considered the necessary factors as noted in the corresponding worksheet and denied the request. While the Petitioner's federal sentencing court possessed the authority to order that the Petitioner's sentence run concurrent or consecutive to his anticipated state sentence, Setser, 132 S. Ct. at 1468, the BOP explicitly noted the absence of any such order or recommendation in the pertinent sentencing document. Therefore, because the BOP considered the relevant § 3621(b)

---

[6] In Loveless, the petitioner "appear[ed] to argue that the BOP was required to grant his *nunc pro tunc* designation request because the undersigned judge *ordered* the request be granted in response to the BOP's inquiry pursuant to 18 U.S.C. § 3621(b)(4)." Id. (emphasis added). In fact, the judge made no recommendation to the BOP, but merely said he had no objection to the BOP exercising its authority in granting the prisoner's request. Id. The Court found that, "even had the [sentencing judge's] letter been what Petitioner claim[ed]," the BOP was required only to *consider* the Court's recommendation under § 3621(b). Id.

15

factors, it acted within its discretion and did not arbitrarily deny the Petitioner's request for *nunc pro tunc* designation. Furthermore, under these circumstances it would be inappropriate for this Court to order the BOP to immediately grant the Petitioner's request. Accordingly, the Petitioner's objection is hereby **OVERRULED**.

Upon careful consideration of the record, the parties' filings and the R&R, the Court finds that Magistrate Judge Trumble committed no clear error with regard to the remainder of the R&R.

## IV. Conclusion

Accordingly, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation, [ECF 28], should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. The Petitioner's objections are **OVERRULED**. The Court **ORDERS** that the Petitioner's § 2241 petition, [ECF 1], is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. The Court further **ORDERS** that the Respondent's Motion to Dismiss or, in the Alternative, for Summary Judgment, [ECF 15], is **GRANTED**. The Petitioner's Motion to Stay Proceedings, [ECF 25], and his Motion to Withdraw the Motion to Stay, [ECF 26], are **DENIED AS MOOT**. The Petitioner's Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment, [ECF 27], is **DENIED.** This matter is **ORDERED STRICKEN** from the active docket of this Court.

The Clerk is **DIRECTED** to enter a separate order of judgment in favor of the Respondent, pursuant to Federal Rule of Civil Procedure 58. As the Petitioner is a federal prisoner seeking relief through a § 2241 petition, the Court makes no certificate of appealability determination in this matter.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as shown on the docket sheet.

**DATED:** February 24, 2015

*[signature]*
GINA M. GROH
UNITED STATES DISTRICT JUDGE